638 A.2d 913

UNITED JERSEY BANK/SOUTH, N.A., PLAINTIFF–APPELLANT,
v. JEANETTE M. CAMERA AND THEODORE E. CAMERA,
DEFENDANTS–RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Submitted February 24, 1994—Decided March 18, 1994.

Before Judges KING, HAVEY and ARNOLD M. STEIN.

*Greenberg, Shmerelson, Weinroth & Miller,* attorneys for appellant (*John C. Miller, III,* on the brief).

No brief filed on behalf of respondents.

The opinion of the court was delivered by

KING, P.J.A.D.

This is an appeal by a judgment creditor from the denial of an application for a wage execution made pursuant to *N.J.S.A.* 2A:17–50. The Law Division judge denied the application because the debtor did not have the present capacity to pay. We conclude that the application should have been granted because *N.J.S.A.* 2A:17–50 is mandatory. If the debtor has absolutely no ability to pay any amount, the wage execution may be modified by a stay pursuant to *N.J.S.A.* 2A:17–55, until payment is possible. The priority of the wage execution thus is established, but a just resolution under the circumstances is obtained.

The debtor-defendant here had defaulted under an automobile loan agreement in November 1990. The creditor-plaintiff repossessed the automobile and sold it at public auction to the highest bidder pursuant to *N.J.S.A.* 12A:2–706. A deficiency of $6,927.82 resulted and prompted the wage execution application. At the hearing in response to the wage execution order, the judge examined the *pro se* debtor and found that she "obviously" had no present ability to pay under a wage execution. That finding is well-supported by the record. We have no quarrel with it. *Rova Farms Resort, Inc. v. Investors Ins. Co. of America*, 65 *N.J.* 474, 483–84, 323 *A.2d* 495 (1974).

We do conclude that the judge should not have denied the wage execution application summarily. The statute, *N.J.S.A.* 2A:17–50,[1] is mandatory; it directs that "the court *shall* grant an order" executing on wages upon proper application. (emphasis added). In *Greate Bay Hotel and Casino v. Guido*, 249 *N.J.Super.* 301, 304, 592 *A.2d* 319 (App.Div.1991), we explained the reason for the mandatory character of *N.J.S.A.* 2A:17–50 and explained why the statute does "not contemplate the exercise of discretion."

The mandatory language protects priorities. "The difference between the initial application and the modification is a significant one." *Id.* at 304, 592 *A.2d* 319. Wage executions are satisfied sequentially, in order of priority. *N.J.S.A.* 2A:17–52.

---

[1] *N.J.S.A.* 2A:17–50 states:

When a judgment has been recovered in the Superior Court, a County Court or county district court and where any wages, debts, earnings, salary, income from trust funds, or profits are due and owing to the judgment debtor, or thereafter become due and owing to him, to the amount of $48.00 or more a week, the judgment creditor may, on notice to the judgment debtor unless the court otherwise orders, apply to the court in which the judgment was recovered, or to the court having jurisdiction of the same, and upon satisfactory proofs, by affidavit or otherwise, of such facts, the court shall grant an order directing that an execution issue against the wages, debts, earnings, salary, income from trust funds, or profits of the judgment debtor.

"Once in effect, that execution retains priority, over other, later executions although it may be modified to accommodate the ends of justice." 249 *N.J.Super.* at 304, 592 *A.*2d 319; *see N.J.S.A.* 2A:17–55.[2]

As Judge Long explained in *Greate Bay,* the mandatory scheme "was created to avoid a situation in which one judge denies a wage execution and another judge thereafter grants one to a less diligent junior creditor." *Id.* at 304–05, 592 *A.*2d 319. The statute's mandate establishes the policy—prior in time, prior in right.

■ We interpret *N.J.S.A.* 2A:17–55 conferring the power to permit "modification of such execution as shall be deemed just" to include the issuance of a stay of the order of execution until payment is possible. The statute provides that the execution, when "modified shall continue in full force and effect until fully paid . . . ." *Id.* Suspension of actual collection on a wage execution under *N.J.S.A.* 2A:17–55, with judicial protection of the priority is thus achieved, *see Family Finance Corp. v. Jenkins,* 131 *N.J.Super.* 336, 343, 329 *A.*2d 604 (Cty.Dist.Ct.1974), but the debtor's rights are not overlooked.

We modify the Law Division judge's order of June 11, 1993. We direct that the wage execution be imposed *nunc pro tunc* to March 22, 1993, the date the wage execution was "presented" to the debtor, *see N.J.S.A.* 2A:17–52, and that the execution be stayed pending further order of the Law Division.

Remanded for modification.

---

[2] *N.J.S.A.* 2A:17–55 states:

Either party may apply at any time to the court from which an execution mentioned in section 2A:17–50 of this title shall issue, upon such notice to the other party as such court shall direct, for a modification of such execution. Upon the hearing, such court may make such modification of such execution as shall be deemed just. Such execution as so modified shall continue in full force and effect until fully paid and satisfied, or until further modified as herein provided.